UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WINTON HOLLAND, )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent*. )<br>) | Case Nos. 1:09-cr-186-CLC-SKL<br>1:13-cv-294-CLC |

# **M E M O R A N D U M**

Petitioner Winton Holland, a federal prisoner, filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 49].[1] Respondent United States of America filed a response in opposition to the 2255 Motion [Doc. 53]. Petitioner filed a reply [Doc. 55] and this matter is now ripe. After careful review and for the reasons stated below, Petitioner's 2255 Motion will be **DENIED**.

## I. BACKGROUND

Petitioner was charged with unlawfully possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One); possessing equipment, chemicals, products, and materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) (Count Two); attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) (Count Three); possessing a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c) (Count Four); and threatening retaliation for information given regarding a federal offense in violation of 18 U.S.C. § 1513(b)(2) (Count Five) [Doc. 8].

---

[1] All citations to the district court record are to the docket of the underlying criminal case.

The background facts of the underlying offense and procedural history of this case are summarized in the plea agreement [Doc. 28] and in the opinion of the Court of Appeals for the Sixth Circuit on direct appeal, *United States v. Holland*, No. 10-6460 (6th Cir. Feb. 24, 2012) [Doc. 44], so the Court will not delve deeply into those details.  As pertinent, the Government filed a notice of sentencing enhancement pursuant to 21 U.S.C. § 851 based upon Petitioner's 2001 federal conviction for attempting to manufacture methamphetamine on April 2, 2010 [Doc. 25].[2]  Pursuant to a written plea agreement filed the same day, Petitioner pleaded guilty to the two methamphetamine-related offenses charged in Counts Two and Three, with the agreement that the remaining charges would be dismissed at sentencing [Docs. 27, 28 & 29].

The Presentence Investigation Report (the "PSR") classified Petitioner as a career offender based on two prior felony drug convictions: a 1994 state conviction for felonious possession of marijuana and the previously mentioned 2001 federal conviction in this Court for attempting to manufacture methamphetamine [Doc. 44 at 2].  Petitioner was later sentenced to 188 months in prison, the bottom of his advisory sentencing range under the United States Sentencing Commission Guidelines Manual ("USSG" or "Guidelines") [Docs. 39 & 43].[3]

In his plea agreement and during his plea colloquy, Petitioner acknowledged an appropriate disposition of the case could be up to the statutory maximum sentence [Doc. 28].  During the change-of-plea hearing (the "rearraignment"), Petitioner was specifically informed of

---

[2] At sentencing, Petitioner admitted the existence of the prior conviction identified in the § 851 notice [Doc. 43 at 20].

[3] In calculating the applicable Guidelines range, Petitioner was determined to be a career offender under U.S.S.G. § 4B1.1, because of his prior felony drug convictions [PSR at ¶¶ 26, 39, 42].  Petitioner's base offense level was 34 and a three-level reduction for acceptance of responsibility resulted in a total offense level of 31 [*Id.* at ¶¶ 26-28].  Petitioner had nine criminal history points, which ordinarily would result in a criminal history category of IV but it was enhanced to VI by his career-offender classification [*Id.* at ¶ 45].  The resulting Guidelines range was 188 to 235 months' imprisonment [*Id.* at ¶ 87].

the statutorily authorized range of punishment for the two counts he was pleading to, and that the Government had filed notice of an enhanced penalty under 21 U.S.C. § 851 based on Petitioner's prior felony drug conviction [Doc. 42 at 4–5]. During the rearraignment, Petitioner represented under oath that he wished to enter a plea of guilty, he had sufficient time and opportunity to discuss his case with his counsel and was satisfied with counsel's representation, he understood all of his rights and would relinquish those rights by entering a plea of guilty, he understood the potential sentencing consequences of his guilty plea, he was not promised any leniency for entering into a guilty plea, he was not coerced or threatened into entering a guilty plea, he agreed with the factual basis stated in his plea agreement, and he was pleading guilty because he was guilty [Doc. 42].

The Magistrate Judge conducting the rearraignment issued a report and recommendation finding (1) Petitioner was fully capable and competent to enter an informed guilty plea; (2) his guilty plea was made knowingly and with full understanding of each of the rights waived by him; (3) the guilty plea was made voluntarily and free from any force, threats, or promises apart from the promises in the plea agreement; (4) he understood the nature of the charge and the penalties provided by law; and (5) the guilty plea had a sufficient basis in fact [Doc. 29]. Petitioner did not object to the report and recommendation. The Court accepted Petitioner's guilty plea to each count and the plea agreement [Doc. 30].

After receiving his sentence, Petitioner appealed his classification as a career offender and the reasonableness of his sentence. All of Petitioner's arguments were rejected and the Sixth Circuit affirmed his convictions on both counts and his resulting sentence [Doc. 44].
3
Case 1:09-cr-00186-CLC-SKL   Document 57   Filed 07/20/16   Page 3 of 15   PageID #: 306

## II. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to errors involving (1) lack of jurisdiction; (2) constitutional violations; and (3) non-constitutional errors that constitute a fundamental defect resulting in a complete miscarriage of justice. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Reed v. Farley*, 512 U.S. 339, 348–49 (1994). A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Farley*, 512 U.S. at 353–54. In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether

an evidentiary hearing is required. If a petitioner presents a material factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. ANALYSIS

Petitioner seeks § 2255 relief based on allegations of: (1) a "due process issue"; (2) violations of the Fourth Amendment, namely, an unconstitutional search and an unlawful arrest; and (3) ineffective assistance of counsel.

#### A. Due Process Claim

Petitioner's due process argument centers around his claim the Government filed its § 851 notice in "bad faith" because (1) the notice was filed the same day the plea agreement was filed and the rearraignment was held; and (2) the notice referenced only one prior felony drug conviction, even though Petitioner had two convictions that were ultimately used to classify Petitioner as a career offender.[4]

To the extent Petitioner suggests the Government engaged in misconduct by filing the § 851 notice on the same day as the plea agreement and rearraignment, such a claim is procedurally defaulted because he could have raised it on appeal, but did not. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be

---

[4] The prosecutor who filed the § 851 notice later stated he did so without realizing Petitioner had a second felony drug conviction [Doc. 43, at 15–16].

5

Case 1:09-cr-00186-CLC-SKL   Document 57   Filed 07/20/16   Page 5 of 15   PageID #: 308

collaterally attacked. Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." (citation and internal quotation marks omitted)); *see also Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003) ("In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent.").

In any event, the argument fails because the Government complied with the requirements of 21 U.S.C. § 851. This section requires only that the notice be filed in advance of trial or the entry of a guilty plea, to provide defendants notice and the ability to make an informed decision about whether to enter a plea or proceed to trial. That requirement was met in this case. Both the plea agreement and the plea colloquy refer to the fact that Petitioner would be subject to an increased statutory penalty because of his prior drug conviction [*See* Doc. 28 ¶ 1(c); Doc. 42 at 4–5].

To the extent Petitioner argues it was unfair of the Government to give notice of statutory enhancement based on one prior conviction, and then to advocate that he receive a Guideline enhancement based on his having two prior convictions, this argument is foreclosed. On appeal, the Sixth Circuit considered this issue and concluded that the notice requirements of § 851 "apply only to statutory sentencing enhancements, not to career offender enhancements under the sentencing guidelines." [Doc. 44 at 2]. Absent "highly exceptional circumstances" not present here, Petitioner may not relitigate issues of procedural due process and the propriety of his career offender status on collateral review. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting United States v. Brown, 62 F.3d 1418 (6th Cir. 1995) (unpublished)).

6

.

### B. Fourth Amendment Claims

Petitioner's allegations about an allegedly unlawful "trash pull" and arrest also provide him no relief because such claims are not ordinarily cognizable on collateral review. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (holding that Fourth Amendment violations are not reviewable in a § 2255 motion absent a showing that the prisoner was denied an opportunity for full and fair litigation of these claims at trial and on direct appeal). Petitioner dropped his then-pending evidentiary motions when he pleaded guilty [Docs. 42, 33 & 34]. By entering a valid guilty plea pursuant to an unconditional plea agreement, Petitioner waived his right to challenge the legality of the evidence seized. *See United States v. Simpson,* 78 F. App'x 523, 524–25 (6th Cir. 2003); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). Petitioner could have chosen to litigate these claims, but instead chose to enter an unconditional plea agreement. Thus, these claims are procedurally defaulted. To the extent Petitioner argues his counsel was ineffective in striking his evidentiary motions, however, the Court will address his arguments below.

### C. Ineffective Assistance of Counsel

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694). To satisfy the prejudice prong of the *Strickland* test in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have

8

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

Although the *Strickland* Court emphasized that both prongs must be established in order for a petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

Absent clear and convincing evidence to the contrary, a defendant is bound by his plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (internal punctuation and citations omitted). In *Blackledge v. Allison,* the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge*, 431 U.S. 63, 73–74 (1977).

Petitioner claims his counsel was ineffective because counsel guaranteed Petitioner would receive a sentence of no more than 37 months' imprisonment. Petitioner claims he was "induced, intimidated and coerced into taking an (involuntary plea)" in exchange for that sentence [Doc. 49 at Page ID # 215]. Further, he states that while he was willing to plead guilty

9

in exchange for a 37-month sentence, if he had known about the possibility of being sentenced to 188 months' imprisonment as a career offender, he would have preferred to proceed to trial, at which he "could have likely prevailed," because he was "only a methamphetamine 'user' as opposed to a 'dealer.'" [*Id.*]. Petitioner also repeatedly faults his counsel for encouraging him to plead guilty pursuant to the plea agreement and for moving to strike [Doc. 33] his pending motions to suppress [Doc. 22]; to compel [Doc. 19]; and for a bill of particulars [Doc. 15] once he pleaded guilty.

While Petitioner claims his counsel rendered ineffective assistance by failing to explain the statutory penalties of the charged offenses and/or by promising him a sentence of no more than 37 months, the record contradicts him. Petitioner's argument ignores both the plain terms of his plea agreement and the sworn statements he made during the plea colloquy. In his plea agreement and at his rearraignment, Petitioner swore that he understood he could receive a sentence of up to the statutory maximum term of imprisonment for his crimes and the maximum possible sentence was correctly stated. Petitioner swore during the plea colloquy that no one had threatened or induced him to plead guilty, that he was fully apprised of the full range of statutorily authorized penalties, that he understood that prior convictions could increase his advisory Guidelines range, and that he knew the Court had discretion to impose any sentence within the statutorily authorized penalty range.

A defendant knowingly and intelligently enters a plea when he understands, among other things, the maximum sentence he may receive at sentencing. *See United States v. Stephens*, 906 F.2d 251, 253–54 (6th Cir. 1990); *United States v. Meeks*, 290 F. App'x 896, 905 (6th Cir. 2008). There is no indication that Petitioner was not aware of the nature of the charge to which he pleaded or of the consequences of his plea, and thus he is bound by his sworn testimony at the

10

rearraignment.[5] *See Brady v. United States*, 397 U.S. 742, 748 (1970); *Pickens v. Howes*, 549 F.3d 377, 380 (6th Cir. 2008); *United States v. Dixon*, 479 F.3d 431, 435 (6th Cir. 2007). Given the nature of that testimony, he will not now be heard to argue his counsel was ineffective.

Nor can Petitioner establish prejudice. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Delaine v. United States*, 605 F. App'x 468, 471 (6th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). In the context of a plea agreement, a petitioner must show a reasonable probability that he would have pleaded differently but for counsel's alleged error. *See, e.g., Hodges v. Colson*, 727 F.3d 517, 537 (6th Cir. 2013); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Christopher v. United States*, 605 F. App'x 533, 535 (6th Cir. 2015). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As held by the Supreme Court, it is very difficult for petitioners who have acknowledged their guilt, as Petitioner did, to satisfy *Strickland's* prejudice prong. *See Padilla v. Ky.*, 559 U.S. 356, 371 (2010).

There is no prejudice here, for several reasons. First, as recently held by the Sixth Circuit, "even if counsel gives a defendant erroneous information, a defendant is not entitled to relief if the misinformation is 'directly refuted on the record'" during the plea colloquy. *Cadavid-Yepes v. United States*, 635 F. App'x 291, 299 (6th Cir. 2016) (quoting *United States v. Todaro*, 982 F.2d 1025, 1029 (6th Cir. 1993)). A proper plea colloquy, as was held in this case,

---

[5] If Petitioner had a misconception as to the sentence he could receive, his confusion was not related to the plea agreement itself, and any such confusion does not render the plea involuntary or unknowing. *See Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975) ("A plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true."); *United States v. Hicks*, 4 F.3d 1358, 1363 n.3 (6th Cir. 1993) ("[I]t is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea.").

"'cure[s] any misunderstanding [a defendant] may have had about the consequences of his plea.'" *Id.* at 299–300 (alterations in original ) (quoting *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)).

In this case, Petitioner "was given the correct sentencing information by the judge" regarding the potential Guidelines ranges, and he entered his guilty plea knowing the Court could impose the maximum sentence after a sentencing hearing. *See id.* at 300*; Todaro*, 982 F.2d at 1030. Given Petitioner's thorough plea colloquy with the Court, Petitioner "cannot now claim, in direct contradiction to his assertions under oath, that he believed that he was entering into a different agreement." *Id*. (citing *Todaro* at 1029–30); *see also Ramos*, 170 F.3d at 566. Because Petitioner's "proper plea colloquy cured any misrepresentation that [counsel] may have provided, [Petitioner] cannot establish prejudice." *Id.*

Second, Petitioner claims he would have gone to trial and "likely" been acquitted if he had known he might receive a sentence of more than 37 months' imprisonment because he was a mere user, and not a dealer, of methamphetamine. But this argument ignores that neither of the offenses to which he pleaded guilty involved drug *distribution*. Petitioner was convicted of possessing equipment, chemicals, products, and materials used to manufacture methamphetamine and attempting to manufacture methamphetamine. His characterization of himself as a drug user would not have precluded his conviction on those counts at trial.

Petitioner also faults counsel for striking the pending defense motions after Petitioner pleaded guilty. However, there is a "general rule that a guilty plea waives all non-jurisdictional defects in the pre-plea proceedings." *United States v. Dossie*, 188 F. App'x 339, 344–45 (6th Cir. 2006). Petitioner pleaded guilty unconditionally after a judicial colloquy that fully complied with the Federal Rules of Criminal Procedure. "When a criminal defendant has solemnly

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that [may have] occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The Sixth Circuit has clarified, however, that "though free-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255, the merits of a Fourth Amendment claim still must be assessed when a claim of ineffective assistance of counsel is founded on incompetent representation with respect to a Fourth Amendment issue." *Ray*, 721 F.3d at 762 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 382–83 (1986)). "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375. In this case, Petitioner has not come close to showing his withdrawn motions are meritorious, which is a necessary prerequisite for a successful ineffective assistance claim. *Id.* at 382.

Finally, in his reply, Petitioner claims he pleaded guilty even though he is innocent because the police threatened to charge his girlfriend, he was framed by an informant, the prosecutors knew the informant and police were lying and set him up, his counsel did not communicate with his girlfriend about the case as requested, and his attorney would not accept his calls. Petitioner's largely conclusory and incredible claims are belied by his own admissions in the plea agreement and plea colloquy as addressed above. For example, Petitioner admitted he had enough time to talk to his lawyer about his case and was satisfied with his attorney's representation during his rearraignment [Doc. 42 at Page ID # 153]. Petitioner's remaining

13
Case 1:09-cr-00186-CLC-SKL   Document 57   Filed 07/20/16   Page 13 of 15   PageID #: 316

claims do not provide a basis for relief under the circumstances. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing" or relief); *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) (same).

Petitioner has not established "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *See Strickland*, 466 U.S. at 694; *Griffin*, 330 F.3d at 736. Petitioner simply has not met *Strickland's* high bar. Accordingly, all of Petitioner's claims for relief based on a theory that he received constitutionally ineffective assistance of counsel will be **DENIED**.

### D. Certificate of Appealability

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability **SHALL NOT ISSUE** because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further.

### IV. CONCLUSION

For the reasons stated above, the claims presented in the 2255 Motion lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in

14
Case 1:09-cr-00186-CLC-SKL   Document 57   Filed 07/20/16   Page 14 of 15   PageID #: 317

this case. Accordingly, judgment shall be entered **DENYING** Petitioner's 2255 Motion [Doc. 49].

**An appropriate Order shall enter:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**